**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James L. Whitaker,<br><br>               Plaintiff,<br><br>vs.<br><br>Sallie Mae, Inc.,<br><br>               Defendant. | No. CV 12-00157-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 8). Although Plaintiff's response to Defendant's motion was due on February 17, 2012, no response has been filed with the Court. Failure to respond alone is grounds for the Court to grant Defendant's motion to dismiss. *See* L.R. Civ. 7.2(i). While Plaintiff's failure to respond to Defendant's motion constitutes acquiescence to the motion being granted, the Court also agrees with Defendant's substantive analysis and will therefore grant Defendant's motion to dismiss on the merits.

Plaintiff's amended complaint seeks relief related to Defendant's attempts to collect a debt and asserts two causes of action: (1) invasion of privacy under Ariz. Rev. Stat. § 13-2921(E); and (2) violation of the Fair Debt Collection Practices Act (Doc. 1-1). Defendant moves to dismiss Plaintiff's first cause of action on the basis that Ariz. Rev. Stat. § 13-2921(E) is a criminal statute defining harassment and does not provide a private cause of action. While the Court agrees that no civil cause of action is available to Plaintiff under Ariz. Rev. Stat. § 13-2921(E), and will accordingly grant Defendant's

motion to dismiss on that basis, Plaintiff's first cause of action is entitled "invasion of privacy." Although the substance of the count alleges harassment and cites to Ariz. Rev. Stat. § 13-2921(E), on the facts alleged, Plaintiff may be able to amend his complaint to state a common law claim for relief sounding in tort. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("[F]ederal courts [are to] liberally construe the 'inartful pleading' of pro se litigants."). Because leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and because Plaintiff may be able to fairly plead a common law cause of action, such as intrusion upon seclusion, on the facts alleged, Plaintiff will be given leave to amend his complaint with respect to his First Claim for Relief. *See Eldridge*, 832 F.2d at 1135 (noting that liberal policy favoring amendments to pleadings should be "applied even more liberally to pro se litigants").

IT IS THEREFORE ORDERED that Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 8) is granted. Plaintiff's First Claim for Relief of his Amended Complaint (Doc. 1-1) is dismissed without prejudice. Plaintiff may file an amended complaint by March 14, 2012.

Dated this 21st day of February, 2012.

_____
Neil V. Wake
United States District Judge